**Harutyan VARDANYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76579.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 10, 2005.

Harutyan Vardanyan, Las Vegas, NV, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Harutyan Vardanyan, a native and citizen of Armenia, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from the Immigration Judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Chebchoub v. INS*, 257

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36–3.

F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

The record supports the BIA's determination that the IJ's adverse credibility determination was not clearly erroneous. The IJ based his decision, in part, on Vardanyan's failure to describe in his otherwise detailed asylum application, an incident in which he was electrically shocked and in which his shoulder was broken. Because this omission goes to the heart of Vardanyan's asylum claim, and the IJ was not compelled to believe Vardanyan's explanation for the omission, substantial evidence supports the adverse credibility finding. *See id.* at 1043. Vardanyan also failed to corroborate his testimony regarding this incident with medical documents. *See Sidhu v. INS,* 220 F.3d 1085, 1090 (9th Cir.2000) (explaining that "if the trier of fact does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application").

In the absence of credible testimony, Vardanyan failed to prove eligibility for asylum and witholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Vardanyan also failed to establish eligibility for CAT relief because he did not show it was more likely than not that he would be tortured by authorities if he returned to Armenia. *See id.* at 1157; 8 C.F.R. § 208.16(c)(2).

PETITION FOR REVIEW DENIED.